## HORACE E. BUNCE v. SAMUEL BAILEY AND HANNAH BAILEY.

*Creditors' bill.*

William Bailey held his brother Samuel's note and transferred it to Bunce in a trade, signing himself as joint maker. He afterwards bargained with Samuel for 80 acres of land on which Samuel lived with his wife Hannah, and offered him 320 acres of other land and a reduction of $500 from the note to Bunce. Hannah consented to the sale only on condition that part of the 320 acres be conveyed to her, and supposing it was done she exchanged her share for 53 acres bought of an outsider. The joint note having been put in judgment against Samuel alone, Bunce filed a creditor's bill to reach the 53 acres on the theory that Samuel had paid for it and had it conveyed to his wife to secure it. It appeared that William Bailey was the real party in interest in the bill, and sought through Bunce to enforce the collection of the remainder of the old joint note against the land which he had formerly agreed should be conveyed to Hannah. *Held* that the bill was based on no greater equity than if William were assignee of the judgment and actual complainant, in which case he could not assail Hannah Bailey's title for fraud after being a party to the understanding out of which it arose. The bill was accordingly dismissed.

Appeal from St. Clair. Submitted June 14. Decided June 21.

CREDITOR'S BILL. Defendants appeal.

*Mitchell & Avery* for complainant.

*A. E. Chadwick* for defendants.

GRAVES, J. This is a creditor's bill to reach about fifty-three acres of land conveyed by one Hill to defendant Hannah in payment for a hundred and sixty acres conveyed to Hill by the defendant Samuel, who at such time was debtor to Bunce upon a note given by him, the said Samuel, and one William Bailey as joint makers, and now in judgment against Samuel Bailey alone.

The court below decreed in favor of complainant.

The theory of the case is that this parcel of fifty-three acres was wholly paid for by defendant Samuel, the joint debtor with William in the note and sole debtor in the judgment, and was caused to be granted to his wife Hannah to screen it from this debt. It is not deemed necessary to go much into detail or to allude even to several matters in the record. The two Baileys had been much at variance as to their several responsibility as between each other for the note given to Bunce. It was made August 28th, 1869, for $1034, and drawn payable in four years with interest. For some time previous to that date Samuel had been indebted to William, and the evidence imports that the note represented the true amount, and that Bunce on making a sale of certain property to William Bailey consented to take the note in part payment in case the latter would become joint maker, and that William accordingly joined as maker. November, 1869, William bargained with Samuel for Samuel's farm of eighty acres, on which the latter, with his wife, the defendant Hannah, then resided, and agreed to give in exchange three hundred and twenty acres at another place and also five hundred dollars of the debt owing to

him by Samuel and represented by the joint note to Bunce.

The evidence establishes that the defendant Hannah was originally averse to the trade and unwilling to join in a deed of the eighty acre farm and was only brought to assent after a personal inspection of the land to be received in exchange, and after and upon the explicit promise of her husband and the said William Bailey that one hundred and twenty or one hundred and sixty acres of said land should be granted to her in the trade, and it appears from the case that it was understood between the defendants and said William that he should convey such lands directly to her, and that the parcels to belong to her were distinctly indicated, and that with this understanding between defendants and William Bailey, and under the circumstances she joined with her husband in making conveyance of the home farm to William Bailey. The case further shows that the deeds on each side were to be left with a person named for delivery, and were so left, but that in fact the whole tract of three hundred and twenty acres was included in one deed to Samuel Bailey, and that Mrs. Bailey did not become aware of this departure in fact from the arrangement until some time after. It further appears that the portion which, according to the understanding with William was to be vested in her, was called and recognized as her land, and it was considered as made virtually her property by the express understanding and arrangement with William Bailey. In this state of things, and in view of the previous promise and consent of William Bailey that she should have the said one hundred and sixty or one hundred and twenty acres, she bargained the same away to said Hill as her own property and received in exchange the title to the fifty-three acres in question, and in so doing she obtained only an equivalent for the premises William Bailey agreed she should have, and barely and simply holds the proceeds of the very property he promised she should own.

In the next place it appears very plainly from circumstances and from the deposition of complainant and the silence on the subject, of William Bailey, that this case is carried on in the exclusive interest and for the sole benefit of said William Bailey, and that Bunce is complainant only in name and to enable William Bailey to enforce collection of the remainder of the old joint note from the property so appropriated as before stated to the defendant Hannah.

In these circumstances the equity is no greater than it would be if William Bailey had become assignee of the judgment and was the apparent as he is the virtual complainant, and in that case he could not be heard to assail for fraud the title in Mrs. Bailey after having been a party to the transaction and understanding out of which that title arose and a concurring participant therein.

The decree below must be reversed with costs and the bill dismissed.

The other Justices concurred.